IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 58,823-01 through -05






EX PARTE BENNY LAVERN COLLINS, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS 


IN CAUSE NOS. W91-44763-L, W91-44764-L, W91-44829-L, 


W97-19561-L, & W98-19367-L IN CRIMINAL DISTRICT


COURT NUMBER FIVE OF DALLAS COUNTY




 Per curiam.


 O R D E R



 These are applications for writ of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of two counts of sexual assault and three counts of aggravated robbery. Punishment was
assessed at confinement for twenty years. No direct appeal was taken. 

 Applicant contends that his pleas are involuntary due to broken plea agreements. 
More specifically, Applicant alleges that his plea agreements included terms that his federal
and state sentences would run concurrently but that they are not running concurrently. 

 On a previous remand in 2004 the trial court entered findings of fact implicitly finding
that these sentences are running concurrently with each other. However, that remand order
required "findings of fact as to whether the plea bargain agreements included terms that his
federal and state sentences would run concurrently; and if so, whether the sentences are, in
fact, not running concurrently; and if so, whether the Applicant was ever advised that the trial
court had no control over his federal case." Those findings make no reference to whether 
federal authorities are giving Applicant credit on his federal sentence for time served on these
sentences or whether Applicant was informed that federal authorities might not give him that
credit. Therefore, it is this Court's opinion that additional facts still need to be developed. 
The trial court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3
(d), in that it may order affidavits, depositions, or interrogatories from TDCJ and federal
authorities, or it may order a hearing. In the appropriate case the trial court may rely on its
personal recollection. 

 Following receipt of additional information, the trial court shall make further findings
of fact as to whether the plea agreements included terms that Applicant's federal and state
sentences would run concurrently and, if so, whether the sentences are running concurrently
and whether Applicant was ever advised that the trial court had no control over credits on his
federal sentence. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Since this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 45 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
75 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 5TH DAY OF APRIL, 2006.





DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.